**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLARENDON AMERICA INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>PROBILDERS SPECIALTY INSURANCE COMPANY, RRG, a Risk Retention Group; and DOES 1 through 20, inclusive,<br><br>    Defendants.<br>_____<br>PROBILDERS SPECIALTY INSURANCE COMPANY, RRG, a Risk Retention Group,<br><br>    Third-Party Plaintiff,<br><br>    v.<br><br>TERRY TUELL CONCRETE, INC., and DOES 1 through 50, inclusive,<br><br>    Third-Party Defendants.<br>_____ | CV F 08-1667 AWI DLB<br><br>**ORDER ON MOTION TO DISMISS OR STRIKE THIRD-PARTY COMPLAINT**<br><br><br><br><br>Doc. # 8 |

    This action and third-party action arise out of a construction defect action called <u>Figueroa et al. v. Workman Bros. Development, et al.</u> 03CECG02705, which was filed and settled in Fresno County Superior court (the "Underlying Action"). Plaintiff Clarendon America Insurance Company ("Clarendon") brought the instant action against defendant ProBuilders Specialty

Insurance Company ("ProBuilders") for an equitable portion of the costs of settlement and defense as to Terry Tuell Concrete, Inc. ("Tuell Concrete"), a defendant in the Underlying Action that was insured by both Clarendon and ProBuilders. The instant action, which was originally filed in Fresno County Superior Court, was removed to this court October 30, 2008, under diversity jurisdiction. After removal, ProBuilders filed a third-party complaint on November 7, 2008, against Tuell Concrete for declaratory relief, breach, and damages, alleging that Tuell Concrete has failed to pay policy deductibles of $10,000 for each of seven claims that ProBuilders paid to settle in the Underlying Action.

On December 10, 2008, third-party defendant Tuell Concrete filed the instant motion to dismiss the third-party complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure; or, in the alternative, to strike the third-party complaint in its entirety. The court's jurisdiction is challenged in the instant motion. Venue is proper in this court.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

When Tuell Concrete was sued for construction defects in the Underlying Action, it tendered its defense and indemnity to Clarendon pursuant to a general construction liability insurance policy issued by Clarendon. Clarendon defended in the Underlying Action and made payments for the defense of Tuell Concrete. The defense in the Underlying Action was also tendered to ProBuilders pursuant to an insurance policy issued by ProBuilders. ProBuilders did not participate in the defense based on certain exclusions in the policy. In their complaint against ProBuilders, Clarendon seeks declaratory relief as to ProBuilders' duty to defend and seeks equitable contribution for defense fees and costs as well as equitable contribution to indemnification costs in the Underlying Action. In removing the case to this court, ProBuilders alleges the total damages claimed by Clarendon against ProBuilders for equitable contributions for both defense and indemnity is greater than $75,000.00.

ProBuilders filed their third-party complaint against Tuell Concrete on November 7, 2008. The third-party complaint alleges ProBuilders indemnified Tuell in the amount of

$72,727.28 to settle eight individual homeowner claims against Tuell. ProBuilders alleges Tuell is obliged by the terms of its insurance policy to pay deductibles of $10,000.00 for any costs for defense or indemnification as to *each individual claimant*, whether the claims were presented individually or whether they were aggregated in a single action. Because Thuell Concrete only paid the $10,000.00 deductible for the whole action, rather than for each individual homeowner claim, ProBuilders' third-party claim seeks damages equal to the $10,000.00 deductible for each of the remaining 7 individual homeowner claims that were indemnified by ProBuilders but for which no deductible was paid. The total of damages claimed by ProBuliders in their third-party complaint, exclusive of costs, fees or interest, is therefore $70,000.00.

Tuell Concrete filed the instant motion to dismiss, or in the alternative to strike the third-party complaint, on December 10, 2008. ProBuilders filed their opposition on December 23, 2008, and Tuell Concrete filed their reply on January 5, 2009.

## LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack of subject matter jurisdiction. It is a fundamental precept that federal courts are courts of limited jurisdiction. Limits upon federal jurisdiction must not be disregarded or evaded. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). The plaintiff has the burden to establish that subject matter jurisdiction is proper. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. Thornhill Publishing Co. v. General Telephone Electronics, 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F. 2d 884, 891 (3d Cir.1977); Cervantez v. Sullivan, 719 F. Supp. 899, 903 (E.D. Cal.1989), rev'd on other grounds, 963 F. 2d 229 (9th Cir.1992).

A defendant may also attack the existence of subject matter jurisdiction apart from the pleadings.  Mortensen, 549 F. 2d at 891. In such a case, the court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction.  St. Clair v. City of Chico, 880 F. 2d 199, 201 (9th Cir.1989); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir.1987); Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir.1983).  "No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  Thornhill Publishing, 594 F.2d at 733 (quoting Mortensen, 549 F.2d at 891).

## DISCUSSION

Tuell Concrete seeks dismissal of the third-party complaint on the ground the amount in controversy with respect to ProBuilders' claim against Tuell Concrete – $70,000 – is not sufficient to satisfy the jurisdictional amount for purposes of diversity jurisdiction.  In the alternative, Tuell Concrete requests the court strike the third-party complaint on the ground the requirement set forth in Rule 14 of the Federal Rules of Civil Procedure that there be pass-through liability from the plaintiff in the main case to the third-party defendant is not satisfied in this case.

**I. Subject Matter Jurisdiction Over Third-Party Claim**

    *A. Ancillary Jurisdiction*

ProBuilders' action against Tuell Concrete is styled as a third-party claim.   "'It is well settled that a grant of jurisdiction over particular subject matter includes the power to adjudicate all matters ancillary to the particular subject matter.' [Citation.] 'This is true regardless of the absence of diversity of citizenship or of a federal question in the ancillary suit.' [Citation.]" United States v. United Pacific Ins. Co., 472 F.2d 792, 793-794 (9th Cir. 1973) ("United Pacific"). "Since cross-claims, compulsory counterclaims, and third party claims arise out of the main cause of action, they are ancillary to that action, and if there is federal jurisdiction over the main action, there is jurisdiction over these ancillary claims."  Schwab v. Erie Lackawanna R.R. Co., 438 F.2d 62, 65 (3d Cir. 1971) (citing 1 Moore's Federal Practice ¶ 0.90(3)).

The court's analytical approach to whether jurisdiction exists over ProBuilder's third-partyclaim is dependent on the proper characterization of that claim. See id. ("from a particular characterization may flow peculiar procedural and jurisdictional consequences"). If ProBuilders' action against Tuell Concrete is, in fact, not ancillary to Clarendon's claims against ProBuilders, then ProBuilders has the burden to demonstrate that the court has independent jurisdiction over its claims. If Tuell's claims are ancillary to Clarendon's claim, then the court will proceed to analyze its jurisdiction over ProBuilders' claim using the analytical framework set forth in Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (where a third-party defendant is impleaded pursuant to Rule 14, the court determines first whether the court has jurisdictional power over the third-party claims and then proceeds to determine whether, under the factual context of the case, Congress has expressly or impliedly negated jurisdiction).

"Third-party claims are ancillary 'if the claims arise out of the subject matter of the original action and involve the same persons and issues . . . or if they arose out of the same "transaction or occurrence."' [Citation.]" Ahern v. Gaussoin, 104 F.R.D. 37, 40 (D. Ore. 1984). In this circuit "ancillary means auxiliary, accessorial or subordinate, and that the third party claims are ancillary if the claims arise out of the subject matter of the original action and involve the same persons or issues." United Pacific, 472 F.2d at 794. In general, ancillary jurisdiction will be found where the third-party claim seeks indemnification, contribution or some other form of pass-through liability based on the third-party plaintiff's liability to the plaintiff in the original action. See United States v. Microstar, Inc., 1991 WL 144223 (E.D.N.Y. 1991) (aggregating cases supporting the proposition). Even if pass-through liability is not asserted, ancillary liability may yet be found where the actions of the third-party defendant could logically have cause harm to both the third-party plaintiff and the plaintiff in the original action. See, e.g. King Fisher Marine Serv. v. 21st Phoenix Corp., 893 F.2d 1155, 1163 (10th Cir. 1990) (finding ancillary jurisdiction over third-party action that alleged damage resulting from delay where delay could logically have damaged both plaintiff and defendant in the original action).

Clarendon's suit against ProBuilders arises from two facts; the fact of Clarendon's costs

5

in defending and settling the Underlying Action and the fact that ProBuilders was a co-insurer of Tuell Concrete.  Clarendon's claims are based in equity, not on any particular provisions of the insurance contract between ProBuilders and Tuell Concrete.  ProBuilders' third-party claim against Tuell, on the other hand, is based solely on provisions contained in the insurance contract between ProBuilders and Tuell.  The fact Tuell Concrete failed to pay a deductible to ProBuilders as to each separate claim against it in the Underlying Action cannot be logically linked to any damage suffered by Clarendon.  Both ProBuilders and Clarendon were insurers of Tuell Concrete and both paid to satisfy the settlement in the Underlying Action, but the insurance policies were not linked and the claims that were adjudicated in the Underlying Action merely triggered the common obligation of indemnification for losses from the Underlying Action.

      While the court can find no case on all fours with the facts of this case, United Pacific illustrates this circuit's approach in a factual situation that is close enough to the instant case to provide guidance.  In United Pacific, an equipment and labor contractor sued  United Pacific Insurance, the surety for construction bonds posted by a developer for payment for services provided in a project the developer failed to complete.  The surety, pursuant to the indemnity agreement with the developer, paid the plaintiff and also paid to complete the remainder of the project.  The total amount spent by the surety to complete the project greatly exceeded the amount that was claimed by the plaintiff contractor.  By the time of trial all the surety's claims were liquidated and the liquidated claims were alleged as damages against the surety.  The surety, in turn, filed a third-party action against the developer for specific performance on the bond agreement.  The amount claimed as damages in the third-party complaint exceeded the amount paid to the original plaintiff by about a factor of 10.  United Pacific, 427 F.2d at 792-793.  The United Pacific court held that the district court properly asserted ancillary jurisdiction over the surety's claim with respect to indemnification for the plaintiff's original action against the surety, id. at 794, but concluded that there was no logical nexus between the remainder of the third-party claims and the original action. Id. at 795.  The United Pacific court acknowledged that the district court, in making a determination of the surety's right to indemnification for the plaintiff's

6

damages, would be required to consider facts that were also common to the claim for specific performance on the bond agreement, but held that "the same general background [alone] does not suffice as a [logical] nexus. Id. at 795-796.

Both Clarendon and ProBuilders had contracts for insurance coverage with Tuell Concrete and both were allegedly obliged by their respective insurance contracts to make payments in settlement of the Underlying Action. The court follows United Pacific in concluding that these facts alone are not sufficient to constitute a logical nexus between ProBuilders' third-party claim against Tuell and Clarendon's original claim against ProBuilders. Because there is no logical nexus, the court finds the original claim by Clarendon and the third-party claim by ProBuilders do not arise out of the same subject matter.

Neither do Plaintiff's complaint and ProBuilders' third-party complaint involve the same persons or issues. Clarendon's claim is strictly against ProBuilders and ProBuilders' claim is strictly against Tuell Concrete. As previously noted Clarendon does not and cannot assert liability against Tuell Concrete, nor can Tuell's non-payment of deductibles be said to have any damaging effect on anyone except ProBuilders.

ProBuilders argues that its third-party action and Clarendon's action against ProBuilders involve the same issues because they both involve the "per-claim deductible" and the "other insurance" provisions of ProBuilders' policy with Tuell Concrete. ProBuilders' argument is an attempt to conflate two entirely separate arguments that are applicable, if at all, to two separate actions. If ProBuilders' "other insurance" provision has any applicability, it is applicable to what ProBuilders owes to Clarendon by way of equitable contribution or equitable indemnity. Tuell Concrete's liability, if any, to ProBuilders does not arise out of the "other insurance" provision. On the other hand ProBuilders' "per-claim deductible" provision has no bearing on ProBuilders' liability, if any, to Clarendon; rather, it is the basis of Tuell's alleged liability to ProBuilders. Although ProBuilders may be justified in its assertion that Tuell's obligation under the "per-claim deductible" provision will offset to some extent ProBuilders liability to Clarendon, the matter is only one of bookkeeping. Offset does not imply the connectedness of issues that is

implied by indemnification. Tuell's obligation to ProBuilders under the "per-claim deductible" provision has absolutely no logical connection to ProBuilders' liability to Clarendon.

The court finds ProBuilders' action against Tuell Concrete and Clarendon's action against ProBuilders do not arise out of the same subject matter and do not involve common issues or persons. The court therefore concludes the requirements for ancillary jurisdiction over ProBuilders' third-party claims against Tuell Concrete are not met. Because ancillary jurisdiction is lacking, the court need not address the more particularized question of whether ProBuilders' third-party claim against Tuell Concrete comports with the requirement of Rule 14(a) that a defendant's third-party suit be alleged against a party that is liable in all or in part for the plaintiff's claim against the defendant in the original action.

### B. Supplemental Jurisdiction

ProBuilders' opposition to Tuell Concrete's motion to dismiss seeks to broaden the basis for the court's jurisdiction over the third-party complaint by invoking supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). The Judicial Improvements Act of 1990 codified the doctrines of "ancillary" and "pendent" jurisdiction within the rubric of "supplemental jurisdiction." C.D.S. Diversified, Inc. v. Franchise Corp. of America, 757 F.Supp. 202, 205 (E.D.N.Y. 1991). Section 1367(a) broadly provides that:

> . . . in any civil action of which the district courts have original jurisdiction, the district courts supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

ProBuilders' attempt to invoke supplemental jurisdiction where ancillary jurisdiction has been found inadequate suffers from two shortcomings. First, to the extent supplementary jurisdiction can be said to be more extensive than either ancillary or pendent jurisdiction alone, the linchpin of both pendent and ancillary jurisdiction is the same; the ancillary or pendent claims must be part of the same case or controversy under Article III. This is precisely where the court has determined that ProBuilders' action has come up short. The court has determined that

8

ProBuilders' claim for deductibles under their "per-claim deductible" provision is separate from Clarendon's claims for equitable contribution and indemnification.  ProBuilders' has not shown how the court's conclusion in that regard should come out any differently under section 1367(a).

Second, and perhaps more directly to the point, while section 1367(a) puts both ancillary and pendent jurisdiction under one caption, section 1367(b) provides that, where the original action is based on diversity jurisdiction, supplementary jurisdiction as provided by section 1367(a) does not enlarge jurisdiction beyond what is available under Rules 14, 19, 20 or 24 of the Federal Rules of Civil Procedure.  Specifically, section 1367(b) provides:

> (b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district court shall not have supplemental jurisdiction under subsection (a) [of section 1376] over claims by plaintiffs against persons made parties under Rule 14, 19, 20 or 24 of the Federal Rules of Civil Procedure, or over persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

Here, the court's jurisdiction with respect to Clarendon's action against ProBuilders is founded solely on diversity jurisdiction pursuant to section 1332.  Therefore, if the court lacks ancillary jurisdiction over ProBuilders' third-party action against Tuell Concrete under Rule 14 – which the court has determined is the case – then the court does not gain jurisdiction simply because supplementary jurisdiction under section 1367(a) is invoked.  The court concludes it lacks supplementary, as well as ancillary, jurisdiction over ProBuilders' action against Tuell Concrete.

## II. Independent Jurisdiction

ProBuilders' action against Tuell Concrete is brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and pursuant to California contract law.  "The Declaratory Judgment Act does not confer an independent jurisdictional basis. [Citation.]" Smith v. Grimm, 534 F.2d 1346, 1349 n.5 (9th Cir. 1976) (citing Skelly Oil Co. v. Phillips Petroleum, 399 U.S. 667 (1950)).  Thus, the only jurisdictional basis available for ProBuilders' action is diversity.  Pursuant to 28 U.S.C. § 1332, diversity jurisdiction is available "where the matter in controversy

9

1 | exceeds the sum or value of $75,000, exclusive of interests and costs, . . . ." ProBuilders' claim
2 | is very clear with respect to the amount in controversy; it is exactly $70,000.  Because
3 | ProBuilders' action against Tuell Concrete involves an amount in controversy that is less than the
4 | jurisdictional amount, independent diversity jurisdiction is lacking.
5 |       The court finds there is no jurisdictional basis for ProBuilders' third-party action against
6 | Tuell Concrete.  Tuell Concrete's motion to dismiss will therefore be granted.  The court also
7 | finds the jurisdictional defect cannot be cured by an amended pleading.  The third-party
8 | complaint will therefore be dismissed with prejudice.

10 |       THEREFORE, pursuant to the foregoing discussion, it is hereby ORDERED that the
11 | motion to dismiss the third-party complaint by third-party defendant Tuell Concrete is
12 | GRANTED.  ProBuilders' third-party complaint against Tuell Concrete is hereby DISMISSED
13 | with prejudice.

15 | IT IS SO ORDERED.
16 | **Dated:     February 5, 2009**           /s/ Anthony W. Ishii
                                               CHIEF UNITED STATES DISTRICT JUDGE